L. T. WATSON, Respondent, v. THE ROBBERSON AVENUE RAILWAY COMPANY *et al.*, Appellants.

St. Louis Court of Appeals, March 9, 1897.

**Municipal Corporations:** OBSTRUCTION OF HIGHWAYS: INFRINGEMENT OF PUBLIC AND PRIVATE RIGHTS: INJUNCTION. The right of a city to supervision over its streets and alleys does not confer the power to deprive the general public or abutting property holders of the reasonably free and unobstructed use of them. In addition to the right of the general public, the abutting property holder has the privilege of the exclusive temporary use of the whole or part of the adjacent street or alley for a reasonable space of time for the necessary purposes of his business; and to deprive him of this right, by appropriating the street or alley wholly to private use, or such use as unreasonably interferes with his right, is an infringement of private rights, for which an injunction will lie.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

AFFIRMED.

*James R. Vaughan* for appellants.

The abutting property holder has the same right after the tracks are laid and the cars are running that he had before. But it is a right that must be exercised in reason, whether there are cars on the street or not. Under no circumstances does it confer the privilege of obstruction by unreasonable exercise. *Rafferty*

*v. Traction Co.*, 30 Am. St. Rep. (Pa.) 763, 773; Booth's St. R'y Law, 138; *Bldg. Ass'n v. Bell Tel. Co.*, 88 Mo. 270, 277.

The owner of a store abutting upon a street has not the right as against the proprietor of a street railway to occupy the tracks with drays or wagons, standing transversely upon the street while discharging goods, as will entitle him to interfere, to recover for interference by the running of cars. *Hobart v. R'y Co.*, 27 Wis. 194.

The use of a street by a street railway laid in a street is not a nuisance. *Glaessner v. Brewing Ass'n*, 100 Mo. 514; *Gay v. Tel. Co.*, 12 Mo. App. 1; *Porter v. R. R.*, 33 Mo. 128; *Cross v. R. R.*, 77 *Id.* 318.

Before a plaintiff can maintain an injunction in this class of cases he must show that the injury is one which virtually amounts to a confiscation of the right of ingress and egress to the property; a mere inconvenience to him from laying and operating the railway in front of or along his property will not be sufficient. *Mfg. Co. v. R. R.*, 113 Mo. 317; *Knapp, Stout & Co. v. Transfer R'y*, 126 *Id.* 36, 38; *R. R. v. Twine*, 23 Kan. 585; *Cross v. R. R.*, 77 Mo. 321; *R. R. v. R. R.*, 97 *Id.* 457, 472.

No property owner has the right to require that the state shall furnish him ways of access to his property, simply to add to its value, or merely its convenient use. If there are other accessible ways in addition to the one interfered with, he has no right to complain. *R'y v. Kurkendall*, 42 Kan. 234; *R. R. v. Garside*, 10 *Id.* 552; Booth's St. R'y Law, 112; *Fearing v. Irwin*, 55 N. Y. 486; *Castle v. Berkshire*, 11 Gray, 26; *Ingram v. R'y*, 38 Iowa, 669; *Burr v. Oskaloosa*, 45 *Id.* 275; *Petition of Concord*, 50 N. H. 530; *Lutterloch v. Mayor*, 15 Fla. 306; 26 Lawyer's Rep. Ann. 410.

Plaintiff knew of the contemplated construction

of defendant's road alongside of his property, but delayed more than a year, while the work and great outlay was going on, which estops him from maintaining this action. *Kincaid v. Gas Co.*, 19 Am. St. Rep. 112. See, also, 1 High on Injunc., 499, and note; Kerr on Injunc. Eq., 202, *et seq.*; *Planet, etc., Co. v. R'y*, 115 Mo. 613, 620; 24 N. J. Eq. 58.

An injunction, which will work great injury or harm to the one party, without a greater, or at least corresponding benefit to the other party, will not be granted. *Potter v. R'y*, 47 N. W. Rep. 217; *Strickler v. R. R.*, 125 Ind. 412; 29 Am. Rep. 530.

*Massey & Tatlow* for respondents.

Appellant can not lawfully construct and operate its road on Olive alley, which is too narrow to admit the passage of street cars and other vehicles at the same time, even though permitted by the city council. Cooley, Const. Law [6 Ed.], 677; Booth's St. R'y Law, 141; Elliott on Rds. & Sts., 485; *Detroit v. Mills*, 85 Mich. 634, 659; *Duback v. R. R.*, 89 Mo. 483; *Lockwood v. Wabash*, 122 *Id.* 86; *Iron Works v. R'y*, 1 Am. & Eng. R. R. Cases, 36.

There is nothing in this case in the nature of estoppel. Defendant's track was placed there by the company with the full knowledge and understanding, on their part, of plaintiff's objection to it, and in the face of his protest against it. Big. on Estop., p. 480; *Burke v. Adams*, 80 Mo. 504, 513; *Anderson v. Hubble*, 93 Ind. 570.

BLAND, P. J.—The plaintiff, Watson, is the owner of a three-story brick building, fronting twenty feet on Boonville street, and running back on and with the line of Olive alley, fifty-six feet. On this alley and

near the rear end of this building, plaintiff has two doorways; one opening into a wareroom, and the other into the cellar from Olive alley. The width of this alley is twenty feet. On the opposite corner from plaintiff's building is a large brick business building, abutting on this alley. On Watson's side is a brick sidewalk and curb. On the opposite side is a wooden sidewalk and no curb. The distance between curbs (should one be put in on opposite sides from Watson) is eleven feet. Springfield is a city of the third class. By ordinance the city granted to Martin J. Hubble and his associates the right to lay and operate a horse railway over Olive alley. This ordinance requires the defendant to run its cars every fifteen minutes over its road between the hours of 7 A. M. and 8 P. M. of each day. Hubble was the superintendent and Mc-Elhaney the president of the defendant company. The plaintiff objected to the laying of a street railway over the alley, claiming that it would damage his property. The superintendent was informed of these objections frequently by Watson before the track was laid; and Watson swears that Hubble agreed not to lay a track there. The track was laid by the superintendent in the nighttime, and plaintiff shortly after brought suit to restrain the defendants, Hubble and McElhaney, from maintaining and operating the road along and upon Olive alley. On a hearing, the Greene county circuit court granted the prayer of plaintiff's petition, and perpetually enjoined defendants from maintaining and operating the road over Olive alley. The distance between the tracks of the street railway in this alley and the curbing on either side is two feet and a few inches. As the ordinance granting the franchises to lay and operate the street railway requires the defendants to run its cars over the road every fifteen minutes from 7 A. M. to 8 P. M. of each day, it

is quite apparent, to operate this road, as required by the ordinance, would amount to a practical appropriation by the defendants of all that part of the alley lying between its curbs, and effectually prevent the passage of all other vehicles over the alley, and deprive the plaintiff of the privilege of receiving and discharging freight and goods at his side doors fronting on the alleyway. To be deprived of this privilege would, as shown by the evidence, and as is apparent on its face, work a damage to him.

The streets and alleys of a city are not the private property of the city, nor does its right of supervision confer the power to deprive the general public or the MUNICIPAL corpo- abutting property owner of the reasona- rations: obstruc- tion of highways: bly free and unobstructed use of them. infringement of public and pri- The abutting property owner has, in addi- vate rights: in- junction. tion to the right of the general public, the privilege of the exclusive temporary use of a whole or part of the adjacent street for a reasonable space of time for receiving and discharging freight necessary to his business. To deprive him of this right, by appropriating the street wholly to a private use, or to such use as unreasonably interferes with his right, is an infringement on private rights which may be corrected by the injunction process of the courts. The city of Springfield transcended its authority when it granted to Hubble and his associates the privilege of laying a street railway track on this alleyway and to operate cars thereon, for it was the grant of a monopoly, and the deprivation not only of Watson, but of the general public as well, of the use of this alley. *Duback v. R. R.*, 89 Mo. 483; *Lockwood v. R. R.*, 122 Mo. 86. But it is claimed that Watson should be estopped to complain by reason of his acquiescence in this and other structures in connection with it. What he did to evidence his acquiescence is nowhere shown in the tes-

timony. He protested against it from the beginning. Hubble, knowing of his objections, clandestinely, and in the nighttime, laid the track in the alley. What defendants did elsewhere, in the erection of a car barn, and the laying of rails on another street to connect with Olive alley, was no concern of Watson's. He was under no legal or moral obligations to object to the other structures. His interests were affected only by the Olive track; to this he at all times objected and protested.

With the concurrence of the other judges, the judgment will be affirmed.