# WABASH RAILROAD COMPANY *v.* FT. WAYNE & SOUTHWESTERN TRACTION COMPANY.

[No. 19,933. Filed June 5, 1903. Rehearing denied October 16, 1903.]

PLEADING.—*Action to Enforce Right Arising from Judgment.—Complaint.* —Where an action is brought to enforce a right arising from a judgment of a court of record, the pleadings upon which the judgment was recovered need not be recited, except so far as may be required to render the complaint intelligible. *p. 308.*

EMINENT DOMAIN.—*Railroads and Electric Railways.—Crossings.—Condemnation.—Injunction.—Complaint.*—An electric railway company desired to cross the right of way and tracks of a railroad company. Failing to agree, condemnation proceedings were instituted, and

Wabash R. Co. *v.* Ft. Wayne, etc., Traction Co.

appraisers appointed who reported to the court fixing the damages and manner of crossing. To the report the railroad company filed exceptions. The electric company, having complied with the order of court upon the filing of the report, proceeded to put in the crossing but was prevented from so doing by the interference of the railroad company. *Held,* that the fact that the railroad company had filed exceptions to the appraisers' report, and had taken an appeal, did not suspend the right of the electric company to put in the crossing, and that the complaint of the latter company for an, injunction need not set out the instrument of appropriation. *pp. 298–310.*

RAILROADS.— *Intersection by Electric Railway.—Law Governing.*— The manner of crossing a railroad by an electric railway is to be determined by commissioners appointed by the court in accordance with clause 5 of §1 of the act of 1901 (Acts 1901, p. 462), and not by §1 of the general railroad act of 1897 (Acts 1897, p. 237). *p. 310.*

SAME.—*Crossings.—Interlocking Switches.*—Sections 2, 3 and 4 of the act of 1897 (Acts 1897, p. 237) relate exclusively to interlocking devices to avoid the necessity of stopping trains before passing over the tracks of intersecting railroads, and have nothing to do with condemnation proceedings under the act of 1901 (Acts 1901, p. 461). *p. 311.*

EMINENT DOMAIN.—*Railroads and Electric Railways.—Crossings.—Costs.*—In proceedings by an electric railway company to condemn a right of way across a railroad, the commissioners are not authorized to determine by which of the parties the expense of establishing the crossing should be paid; since the statute fixes the liability upon the company owning the road last constructed, unless otherwise agreed upon. *p. 311.*

From Wabash Circuit Court; *H. B. Shively,* Judge.

Injunction proceedings by the Ft. Wayne & Southwestern Traction Company against the Wabash Railroad Company. From an order granting a temporary injunction, defendant appeals. *Affirmed.*

*E. P. Hammond, W. V. Stuart, D. W. Simms* and *J. D. Conner, Jr.,* for appellant.
*Walter Olds* and *N. D. Doughman,* for appellee.

DOWLING, J.—Appeal by the Wabash Railroad Company from an interlocutory order of the Wabash Circuit Court granting a temporary injunction.

The suit was commenced in the Wabash Circuit Court.

Wabash R. Co. *v.* Ft. Wayne, etc., Traction Co.

The brief of the appellant contains a very full and clear statement of the case from which we transcribe the following: The appellee claims that by virtue of certain condemnation proceedings in the court below, it acquired the right to cross appellant's railroad. The appellant avers (1) that the proceedings relied upon by appellee, as shown by its complaint and the evidence, are not sufficient to give it the right to cross, and (2) that, appellant having filed exceptions to the award of the appraisers, appellee is not entitled to cross until there shall have been a trial upon, and a disposition of, said exceptions.

Appellee's application for a temporary injunction was submitted to the court for hearing on the appellee's verified complaint and the affidavit of Roscoe D. Smith. The appellant introduced in evidence its verified answer. The court found in favor of the appellee, and granted a temporary injunction, to which order and proceeding the appellant excepted.

The errors assigned by the appellant are as follows: (1) The appellee's complaint does not state facts sufficient to constitute a cause of action. (2) The court erred in each of its findings. (3) The court erred in each of its interlocutory decrees. (4) The findings, and none of the findings of the court, are sustained by sufficient evidence. (5) The interlocutory decrees of the court are not, and none of said decrees is, sustained by sufficient evidence. (6) The court erred in granting the appellee a temporary injunction against the appellant. (6½) The court erred in sustaining the appellee's application for a temporary injunction. (7) The appellee was not entitled, and had no right, to put in its crossing over the appellant's railroad and right of way at the place mentioned in its instrument of appropriation, until a hearing, trial, and decision upon appellant's exceptions filed to the award of the commissioners.

All of the supposed errors could probably have been presented under the assignments that the complaint did

not state facts sufficient to constitute a cause of action, and that the finding of the court was not sustained by sufficient evidence.

The appellee's verified complaint, which was introduced in evidence, averred that the appellee was, and for more than a year last past had been, a corporation duly organized, etc., and had been, and is now, engaged in the construction of an interurban street railroad from the city of Huntington to the city of Wabash; that appellee is authorized by the cities of Ft. Wayne, Huntington, and Wabash to operate its railroad by electricity; that, in order to construct and operate its said line of railroad from the said city of Huntington to the said city of Wabash, it became and was necessary to cross the right of way and tracks of the Wabash Railroad Company at grade, and to construct its railroad and railroad tracks across the right of way and tracks of said Wabash Railroad Company; that it has endeavored to purchase said right of way, and right to lay its tracks and construct its crossing across the right of way and tracks of said defendant, but was unable to agree with the said defendant as to the price thereof and the manner of such crossing; that thereupon, on the 7th day of May, 1902, it filed its instrument of appropriation in the office of the clerk of the Wabash Circuit Court, appropriating a strip of ground three rods wide off the south side of what was formerly used and occupied as the Wabash and Erie canal, where the same is crossed by the Wabash Railroad Company, defendant herein, in the southwest quarter of section thirty-eight, township twenty-eight north, of range eight east, in Wabash county, in the State of Indiana, appropriating to the use of the said plaintiff so much of said parcel of ground three rods wide across the right of way of said Wabash Railroad Company as is necessary for the purpose of constructing the railroad of said plaintiff with a single track across the right of way and tracks of the said Wabash Railroad Company where the same crosses what

was formerly known, used, and occupied as the Wabash and Erie canal, as heretofore described, a plat of which crossing was filed with said instrument of appropriation, and that it duly notified the said defendant that it would, upon the 17th day of May, 1902, at 11 o'clock a. m., or so soon thereafter as the same could be heard, make application to the Wabash Circuit Court, at the court-house of the city of Wabash, for the appointment of three disinterested freeholders of said county to appraise the damages which the owner of the land, the defendant herein, would sustain by such appropriation, and to ascertain and determine the manner of such crossing, and duly filed in the Wabash Circuit Court its petition asking for the appointment of appraisers to assess such damages, and ascertain and determine the manner of such crossing, and such proceedings were had therein as that on the 19th day of May, 1902, the Wabash Circuit Court duly appointed three disinterested freeholders, commissioners and appraisers, residents of said county of Wabash, to appraise the damages which the defendant would sustain by reason of such appropriation, and to ascertain and determine the manner of such crossing, and said appraisers were duly notified of their said appointment, and duly qualified and sworn to perform their duty as required by law, and afterwards, on the 20th day of May, 1902, said commissioners and appraisers, upon actual view of the premises, ascertained and determined the manner of such crossing, and assessed the damages which would be sustained by the defendant by reason of such crossing and appropriation of the right to cross the right of way and tracks of said defendant; that said commissioners and appraisers ascertained and designated the manner of such crossing in their report as follows: The manner of crossing the right of way and tracks of the Wabash Railroad Company by the Ft. Wayne and Southwestern Traction Company shall be a grade crossing, the Ft. Wayne and Southwestern Traction Company con-

structing its line of track on a level and at grade with the tracks of the Wabash Railroad Company; that the same shall be a frog.crossing, constructed of the same weight and kind of rail as are the rails in the tracks of the Wabash Railroad Company now at said point, and to be of a pattern in general use. It was further alleged that, on account of such crossing and appropriation, said commissioners appraised appellant's damages at $300, which the appellant on the —— day of May, 1902, paid to the clerk of the Wabash Circuit Court in favor of appellee; that appellee expended large sums of money in completing its approaches and grades to the tracks on either side of appellant, and on a level therewith; that it has, at large expense, procured crossing frogs, rails, crossing material, and derailing devices, of the weight and dimensions designated by said agents, preparatory to constructing the crossing in the manner designated by said commissioners, and in full compliance therewith; that appellee has done nothing in the way of constructing its street railroad and the laying of its tracks, and has not threatened to do anything in the way of putting in a crossing, except in strict conformity and compliance with the decision and report of said commissioners; that appellant on the 29th day of May, 1902, for the purpose of obstructing, preventing, and prohibiting appellee from completing its railroad and tracks across the right of way and tracks of appellant, sent a large force of men, machinery, and material to said point, and built and constructed switches on each side of the track at said point, extending across the point in each direction where appellee's street railroad crosses the railroad of appellant.

Other facts are averred showing that appellant used means effectually to prevent appellee from putting in its crossing. Prayer for temporary injunction. Appellee's complaint was verified by affidavit.

The appellant's verified answer, which was introduced in evidence, stated that the appellant, not waiving any objec-

tions that may exist against appellee's application and complaint for a temporary injunction, answered only as to said application, and averred that said temporary injunction ought not to be granted because appellee has not, by purchase or agreement, or by the adjudication of any court, obtained the right to cross its railroad over the railroad and right of way of appellant at the place mentioned in appellee's complaint, or at any other place in Wabash county, Indiana; that appellant admits that on the 7th day of May, 1902, the appellee filed in the office of the clerk of the Wabash Circuit Court an instrument in writing claiming and purporting to be an instrument of appropriation for the alleged purpose of appropriating and claiming, by condemnation proceedings, the right to cross its railroad over appellant's right of way and railroad at the place mentioned in appellee's complaint. Appellant admitted in its answer that appellee gave notice of its intention to apply for the appointment of appraisers to appraise damages that appellant might sustain by said appropriation, and to ascertain and determine the manner of said crossing. The answer further admitted the appointment of appraisers on May 19, 1902; that appellant was present by its counsel at the time of the appointment of said appraisers, and that it did not consent to such appointment. It presented no question of law or fact except by an answer in abatement as to plaintiff's right to make said appropriation, and as to its right to have said appraisers appointed, for the reason that appellant understands from the statute under which said proceedings were had, and from the decisions of the courts in this State, that it could not raise any valid objections to said proceedings until after said appraisers made their report, and that said objections could only be made by way of exceptions to such report. The answer averred that the appraisers filed their report with the clerk on May 20, 1902, and then set out said report, which reads as follows: "We, the undersigned appraisers, having made

careful examination of the real estate described in the certified order of court hereto attached, appropriated by the Ft. Wayne and Southwestern Traction Company, and of the right of way and tracks of the Wabash Railroad Company on said real estate, upon actual view, have ascertained and determined, and do now hereby designate, that the manner of crossing the right of way and tracks of the Wabash Railroad Company by the Ft. Wayne and Southwestern Traction Company shall be a grade crossing, the Ft. Wayne and Southwestern Traction Company constructing its line of tracks on a level at a grade with the tracks of the Wabash Railroad Company; that the same shall be a frog crossing, constructed of the same weight and kind of rails as are the rails in the tracks of the Wabash Railroad Company now at said point, and to be of a pattern in general use for railroad crossings, and constructed in a manner to be convenient and safe for the Wabash Railroad Company and the Ft. Wayne and Southwestern Traction Company, so as not to interfere with the running and operation of the locomotives and cars of the Wabash Railroad Company, or the cars of the Ft. Wayne and Southwestern Traction Company; that there shall also be constructed in the tracks of the Ft. Wayne and Southwestern Traction Company a derailing device, so constructed that the cars of the said Ft. Wayne and Southwestern Traction Company can not be run over or across the tracks of the Wabash Railroad Company, except by connecting the rails in the tracks of the Ft. Wayne and Southwestern Traction Company by means of a lever on the opposite side of the tracks of the Wabash Railroad Company from which the cars of the Ft. Wayne and Southwestern Traction Company approach; and we do assess the damages sustained by the Wabash Railroad Company, on account of such crossing and appropriation, and the construction and operation of the street railroad across the right of way and tracks of the said Wabash Railroad Com-

pany, at the sum of $300. Levi Patterson (Seal). Howard Squires (Seal). Ernest Carothers (Seal)."

Appellant further stated in its answer that on the 28th day of May, 1902, it duly filed with the clerk and in the court below its exceptions to said report of said appraisers. The exceptions are numbered, and, briefly stated, are that the appellee's instrument of appropriation does not state facts sufficient to constitute a cause of action; that the report of the appraisers is indefinite and uncertain as to the manner of the proposed crossing; that said report does not provide that the interlocking works or fixtures mentioned therein shall be approved by the Auditor of State; that said report does not provide for a system of interlocking or other works or fixtures to be approved by the Auditor of State; that said report does not provide that appellant shall not be required to stop its trains on approaching said proposed crossing; that said report does not provide that said crossing and the works and fixtures pertaining thereto shall be constructed and maintained at the exclusive expense of the appellee; that it is reasonable and practicable to avoid a grade crossing at said place; that the compensation assessed by the appraisers in favor of appellant for said crossing is insufficient and inadequate; and that appellant will be damaged by said crossing in the sum of $15,000. Appellant's answer alleged that said condemnation proceedings are still pending in the court below upon said appellant's exceptions filed to said report of said appraisers, and that there has never been any trial of law or fact upon said exceptions; and that said appellant has never accepted said $300, or any part thereof, assessed by said appraisers as its damages. That appellant filed said exceptions in good faith, and expects to present them in good faith to the court below at such time as the same may be set for hearing and trial.

Appellant admitted in its said answer that it has objected and interfered with appellee in putting in the cross-

ing, under the belief that appellee has no right to put in such crossing until the final adjudication of the matters and things set up in said exceptions to said report of said appraisers; that it believes and will respectfully urge, when said exceptions shall be taken up for hearing, that appellee's instrument of appropriation is insufficient; that it also believes, and will, when said exceptions are taken up for hearing, urge that said report of said appraisers as to the manner of such crossing is wholly insufficient, and that, on account of its ambiguity and uncertainty, no proper judgment or decree can be rendered thereon. Appellant alleged that a grade crossing by an electric road over a steam railroad, with the adoption of the best methods to secure safety in such crossing, is always attended with danger, and that the danger is increased in proportion to the defective or unsafe method that may be used in such crossing; that the best method for such crossing is an interlocking switch, operated by a tower, which practically prevents a collision of trains at the crossing; that appellee does not in its instrument of appropriation, nor do the appraisers in their report, state that the derailing device therein mentioned has been approved by the Auditor of State, or that it is proposed that it shall be approved by the Auditor of State, and that the Auditor of State has not approved any derailing device for the crossing as provided by §§2, 3 and 4 of the act of 1897 (Acts 1897, p. 237, §§5158b-5158d Burns 1901). Appellant also alleged that it owns, and has owned for over thirteen years, the railroad and right of way where said proposed crossing is attempted to be established; that its said railroad runs from Kansas City to Toledo, and from the latter place to Buffalo; that it daily runs over said track at said place a large number of passenger and freight trains; that its passenger-trains run at a great speed, to wit, at the rate of from thirty to sixty miles an hour; that the public safety requires that a crossing of the kind proposed by appellee

should be protected by the best and most secure methods in use in such cases, and that such methods should be accurately and definitely defined in the decree of court establishing such crossing; that the place of the proposed crossing is not within the limits of any city or town, nor at street or highway crossing, but upon property in the exclusive ownership and possession of appellant.

The appellant in its said answer submitted to the court that, until the final hearing of said cause upon said exceptions to said report of said appraisers, said appellee is not lawfully entitled to a crossing at said place, and that in resisting said crossing appellant was in the lawful exercise of its rights, using the same upon and for the protection of its own property, and for the protection of its employes and of the public who travel over its railroad; and it asked that appellee's application for a temporary injunction be denied. This was all the evidence given in the cause.

The objections made by the appellant to the sufficiency of the complaint are that it appears upon the face of the pleading that the right of the appellee to relief by injunction is not clear, and that the facts stated in the instrument of appropriation by which the appellee claimed to have acquired its right to cross appellant's railroad track are not set out.

Interurban street railroad companies are expressly authorized by the statute to construct their roads across any railroad in this State. §5468a Burns 1901, clause 5. When the proposed crossing is not within the limits of any street or highway, if the two corporations can not agree upon the amount of compensation to be made therefor, or the manner of such crossing, the same must be ascertained and determined by commissioners to be appointed as is provided in the statute in respect to the taking of lands. *Idem.* The statute regulating the taking of

lands by condemnation proceedings so referred to, declares that the corporation shall forthwith deposit with the clerk of the circuit court, or other court of record of the county where the land lies, a description of the rights and interests intended to be appropriated; and such lands, rights, and interests shall belong to such company to use for the purpose specified by making or tendering payment as in the said act required. If the corporation shall not agree with the owner of the land, such corporation shall deliver to the owner, if within the county, a copy of such instrument of appropriation. The court must then appoint by warrant three disinterested freeholders of the county to appraise the damages which the owner of the land may sustain by such appropriation. The appraisers must be sworn, they must consider the injury the owner of the land will sustain by reason of such appropriation, and they must forthwith return their assessment of damages to the clerk of such court. The corporation must then pay to the clerk the amount of the damages so assessed, or tender the same to the party in whose favor the damages are awarded. On making payment of the damages, or tender thereof in the manner required by the statute, it is lawful for such corporation to hold the interests in such lands so appropriated. The award of the arbitrators may be reviewed by the court in which the proceedings are had, on written exceptions filed by either party within ten days after the filing of the award; and the court may make such order therein as right and justice may require, and may order a new appraisement on good cause shown. Notwithstanding such appeal the corporation may take possession of the property described in the instrument of appropriation and the award, and the subsequent proceedings on the appeal affect only the amount of compensation to be allowed. §5468e Burns 1901.

The only statutory requirement in regard to the contents of the instrument of appropriation is that it shall

describe the rights and interests intended to be appropriated. In addition to this, the instrument must necessarily state the name of the appropriating company, and the name of the corporation whose track it desires to cross. And it was held in *Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co.,* 116 Ind. 578, that in proceedings under the general railroad law it must also allege that the two corporations can not agree upon the amount of compensation, the point of crossing, or the manner of crossing. The act of 1901, relating to street railroads, is silent as to a failure to agree upon the point of crossing.

While the complaint before us does not state what the particular averments of the instrument of appropriation filed by it were, it does allege with clearness and precision that it was duly incorporated; that it was engaged in the construction of an interurban street railroad; that it was authorized by the several cities from which, and through which, it was to be constructed to operate its railroad by electricity; that it was necessary for it to construct its tracks across those of the appellant at grade; that it had endeavored to purchase that right, but had been unable to agree with the appellant as to the compensation and the manner of crossing; that it had thereupon on May 7, 1902, filed its instrument of appropriation in the office of the clerk of the Wabash Circuit Court, appropriating a strip of land which is accurately described; that it duly notified the appellant that it would on May 17, 1902, at 11 o'clock a. m., make application to the Wabash Circuit Court for the appointment of three disinterested freeholders to appraise the damages which the appellant would sustain by such appropriation and the manner of such crossing; and that it duly filed its petition in said court for the appointment of appraisers for said purposes; that the court made the appointment; that the appraisers were sworn, and made their award in writing, assessing the damages and fixing the manner of crossing, both of which are specifically set

out; and that the appellee paid to the clerk of said court the amount of the damages as ascertained and assessed by said appraisers.

It was not necessary to set out the instrument of appropriation filed by the appellee, or a statement of its contents, in the complaint for the injunction. The right of the appellee, if it had any, was founded upon the order of the court and the proceedings subsequent thereto, and not on the instrument of appropriation. Where an action is brought to enforce a right arising from a judgment of a court of record, the pleadings upon which the judgment was recovered are not recited except so far as may be required to render the complaint intelligible. The pleadings are merged in the judgment, and the right of the plaintiff is established by it. In a collateral proceeding it will be presumed that the court, if of general jurisdiction, found the pleading sufficient to authorize its judgment or order, and such pleading can not be called in question in an indirect attack. The issue of the sufficiency of the instrument of appropriation may be, and must be raised, if at all, in the condemnation proceedings. *Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co.,* 116 Ind. 578, 599, 600.

Giving to the statute under which these proceedings were taken as strict a construction as their nature requires, we are satisfied that the complaint was not defective because of its failure to aver that the instrument of appropriation stated the jurisdictional facts which must be set out in that pleading. *Adams* v. *Harrington,* 114 Ind. 66, 71.

Appellant appeared to the condemnation proceedings and filed its exceptions to the award of the appraisers. It insists that this action upon its part operated as an appeal, and suspended the right of the appellee to take possession of the property described in the instrument of appropriation until the final determination of the proceedings. The statute in so many words provides that, notwithstanding such appeal, the appropriating company may take posses-

sion of the property described. The right to cross the intersecting railroad, and to appropriate the land required for such crossing, is a grant by the State from whose authority both corporations derive their existence. *Indiana Power Co.* v. *St. Joseph, etc., Power Co.,* 159 Ind. 42. This right is to be exercised upon certain conditions, but when these are shown to have been complied with it becomes absolute. From necessity the proceedings· are somewhat summary. Many of the provisions of the statute are intended to prevent the obstruction and delay of important works and improvements of a *quasi* public character. If the junior corporation was not permitted to take possession of the property appropriated until the final termination of the proceedings, it might be seriously embarrassed, or its construction wholly defeated by the senior corporation whose tracks it was compelled to cross. Although the statute expressly declares that the subsequent proceedings on the appeal shall only affect the amount of compensation to be allowed, this court has held that on appeal the sufficiency of the instrument of appropriation and the regularity of the proceedings under the same may be questioned by the landowner. If exceptions going to the regularity of the proceedings should be sustained, then it would be the duty of the court to order a new appraisement; if such exceptions were not sustained, the parties might still present the issue of the adequacy of the damages assessed, and take a trial by a jury if they desired it. *Swinney* v. *Ft. Wayne, etc., R. Co.,* 59 Ind. 205, 218.

The court has the power at any time to amend any defect or informality in any of the special proceedings authorized by the statute under consideration as may be necessary. §5468g Burns 1901. On appeal, the exceptions filed by the owner of the land may be amended. *Midland R. Co.* v. *Smith,* 125 Ind. 509, 511. The instrument of appropriation also may be amended on such appeal. *Hunt* v. *New York, etc., R. Co.,* 99 Ind. 593, 595.

The interests of both corporations seem to have been care-
fully guarded by the legislature, but it is evident that it
was not intended to put it in the power of the senior cor-
poration, by delays resulting from appeals, to postpone in-
definitely the construction of the junior railroad across its
tracks.    The filing of the instrument of appropriation in
the office of the clerk of the proper court in which the land
or interests to be appropriated were situated, the notice
thereof given by the appellee to the appellant, the action
of the court thereon in the appointment of duly qualified
appraisers, the award of the appraisers in writing assessing
the amount of the damages sustained, and designating the
manner of the crossing, and the payment by the appellee
to the clerk for the use of the appellant of the damages
assessed, constituted, as we think, a sufficient compliance
with the statute under which the proceedings were taken,
and authorized the appellee to take possession of the strip of
land designated in its instrument of appropriation for the
purpose of constructing the crossing.    This right was not
lost or suspended by reason of the exceptions and appeal
by the senior corporation.    Elliott, Railroads, §1050, and
cases cited.

The objection that the question whether it is practicable
to avoid a grade crossing, and, if not, the mode of such
crossing, must be submitted to the circuit court of the
proper county for determination, is not well founded.    Sec-
tion 5158a Burns 1901 of the general railroad law does
not apply to street or interurban electric railroads, but the
latter are governed in proceedings to acquire a right to
cross another railroad by §5468e Burns 1901.    Acts 1901,
p. 461, §5.    By the later enactment, which applies express-
ly to interurban and street railroads, the manner of such
crossing is to be determined by the commissioners ap-
pointed by the court upon the filing of the instrument of
appropriation.    §5468a Burns 1901, clause 5.    Acts 1901,
p. 461, §1.

The report of the commissioners or appraisers is sufficiently certain in regard to the manner of crossing, and contains all that is necessary to be set forth therein. The provisions of §5158b et seq. Burns 1901 relate exclusively to interlocking devices to avoid the necessity for stopping trains before passing over the tracks of intersecting railroads, and have nothing to do with condemnation proceedings under the street and interurban railroad act of 1901.

The commissioners were not authorized to determine by which of the corporations the expense of establishing the crossing should be paid. The statute fixed that liability upon the company owning the road last constructed, unless otherwise agreed upon.

The complaint for the temporary injunction stated facts sufficient to entitle the appellee to the relief demanded, and the demurrer to it was properly overruled. The evidence, consisting of the verified complaint, together with the admissions contained in the answer of the appellant, was sufficient to sustain the finding and order of the court.

We find no error in the record. Judgment affirmed.