## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* MUNCIE AND PORTLAND TRACTION COMPANY ET AL.

[No. 20,929. Filed April 27, 1910.]

1. APPEAL.—*Presenting Same Question Twice.*—Where exceptions
to the conclusions of law present the same questions as are presented by the demurrers to defendant's answer and its cross-complaint, a decision on such exceptions will suffice. p. 169.
2. RAILROADS.—*Interurban.—Use of Streets.—Additional Burden.
—Eminent Domain.*—The use of a street upon which to operate
an interurban railroad does not constitute an additional servitude
upon the lands of frontagers. p. 176.
3. RAILROADS.—*Interurban.—Use of Streets.—Railroad Crossings.*
—With the permission of the common council of a city, an interurban railroad company may operate its cars upon the streets,
and across the tracks of a steam railroad company, where the
street crosses such tracks. p. 176.
4. CONSTITUTIONAL LAW.—*Due Process.—Interurban Railroads.—
Use of Streets.—Damages.*—Neither the statutes giving cities
and towns the right to permit interurban railroad companies the
use of their streets, nor ordinances granting such right, violate
article 1, §21, of the state Constitution, prohibiting the taking of
property without just compensation, or the 14th amendment to
the federal Constitution, guaranteeing due process of law. p. 177.
5. RAILROADS.—*Interurban Crossings.—Expense of Constructing.*—
Unless otherwise agreed upon, an interurban railroad company
must exclusively bear the cost of constructing a crossing over a
steam railroad track, and a steam railroad company must ex-

168        SUPREME COURT OF INDIANA,

Pittsburgh, etc., R. Co. *v.* Muncie, etc., Traction Co.—174 Ind. 167.

clusively bear the cost of constructing a crossing over an interurban railroad company's track. p. 177.

6. RAILROADS.—*Crossings.—Statutes.*—Section 5227 Burns 1908, Acts 1897 p. 237, §1, providing the method by which the track of one railroad company may be constructed over the track of another, has reference only to steam railroads. p. 178.

7. EVIDENCE.—*Pleadings.—Conclusions.—Recitals.*—An agreement for admitting in evidence the pleadings in the case, and providing that "the facts alleged in each of said pleadings were true as therein alleged," admits only the facts properly pleaded, and does not admit conclusions, recitals, epithets, surplusage, or allegations of fear. p. 178.

8. EVIDENCE.—*Burden of Proof.—Pleadings.—Admission of, as Evidence.*—Where the pleadings, by agreement, are admitted as evidence, and there are conflicts in the facts alleged, the party having the burden of proving the facts so in conflict, will lose as to such facts. p. 179.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Suit by the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company against the Muncie and Portland Traction Company and others. From a decree for defendants, plaintiff appeals. *Affirmed.*

On motion to strike appellant's briefs from files in former appeal, see 166 Ind. 466.

*G. E. Ross,* for appellant.

*Frank H. Snyder* and *Whitney E. Smith,* for appellees.

MONKS, J.—This suit was brought by appellant on August 28, 1905, to enjoin appellees from constructing a street and interurban railroad at grade across the railroad tracks of appellant, where said last-named tracks cross Main street and within the limits of said street in the incorporated town of Redkey, Indiana.

Appellees filed an answer of general denial. The traction company filed a separate answer to the complaint. Appellant's demurrer for want of facts to the traction company's separate answer was overruled. On September 5 said traction company filed a cross-complaint, seeking to enjoin appellant from interfering with its tracks as laid on

NOVEMBER TERM, 1909. 169

Pittsburgh, etc., R. Co. *v.* Muncie, etc., Traction Co.—174 Ind. 167.

August 25, 1905, in Main street in the town of Redkey, Indiana, and to compel it to restore the part of said track removed on said day, and from interfering with the right of said traction company to place crossings at the intersection of its track with appellant's main track and passing track in said street within the corporate limits of said town, as they were laid and constructed on the morning of August 25, 1905.

Appellant's demurrer for want of facts to said cross-complaint was overruled, and it filed an answer thereto.

After issues were formed, the case was heard by the court, and a special finding made and conclusions of law stated thereon, to each of which conclusions of law appellant excepted. A final decree in accordance with the conclusions of law was entered against appellant on the complaint and cross-complaint.

Appellant's motions for a new trial and to modify the decree were overruled.

The errors assigned by appellant call in question each conclusion of law and each ruling of the court adverse to it.

As the exceptions to the conclusions of law present the same questions as those presented by the action of the court in overruling appellant's demurrer to the traction

1. company's answer to the complaint and appellant's demurrer to the traction company's cross-complaint, it is only necessary to determine as to the correctness of the conclusions of law, for such decision necessarily determines the sufficiency of said answer and cross-complaint. *State* v. *Spinney* (1906), 166 Ind. 282, 284, and cases cited; *Ross* v. *Van Natta* (1905), 164 Ind. 557, 558, and cases cited.

The special findings are, in substance, that appellant is a railroad corporation organized and existing under the laws of Pennsylvania, Ohio, West Virginia, Illinois and Indiana, and owns and operates as a common carrier a line of railroad extending from the city of Chicago, Illinois, through Indiana, Ohio and Pennsylvania to the city of Pittsburg,

170　SUPREME COURT OF INDIANA,

Pittsburgh, etc., R. Co. v. Muncie, etc., Traction Co.—174 Ind. 167.

Pennsylvania; that said line of railroad passes through the town of Redkey, Jay county, Indiana, and crosses Main street in said town at grade; that at said crossing of Main street, immediately before August 25, 1905, said appellant maintained two tracks, one main track and the other a passing track, the last named being in an easterly direction from the other; that said appellant now owns in fee simple, and it and its predecessors have owned in fee simple, and have been in possession of and using for railroad purposes in the operation of said railroad for more than thirty years continuously last past at the point where its railroad crosses said Main street in said town of Redkey, a strip of land eighty feet wide as and for its right of way, subject to the easement of the public in said Main street for the use of the public for street and highway purposes; that appellant's railroad has been located upon said strip, and has been used and operated continuously thereon during all of said time in transporting commerce, state and interstate, both passengers and freight, and in carrying the United States mails; that the Muncie and Portland Traction Company, one of the appellees, is, and has been since ————, 1905, a street railroad corporation and street and interurban railroad company, duly incorporated under and by virtue of an act of the General Assembly of the State, entitled "An act to provide for the incorporation of the street railroad companies," approved June 4, 1861 (Acts 1861 p. 75), and all acts amendatory thereof and supplementary thereto, regulating and authorizing the construction of a street railroad, interurban street railroads and suburban street railroads; that said traction company was incorporated as a street railroad company for the purpose of constructing, operating and maintaining an interurban street railroad from the city of Muncie, Indiana, through the towns of Albany, Redkey and Dunkirk to the city of Portland, Indiana, and from said last-named city to the boundary line between Indiana and Ohio; that the route of said traction company's road

passes through said town of Redkey on and along said Main street, and crosses the main and passing tracks of appellant within the limits of said street where appellants said tracks cross them; that prior to August 25, 1905, the board of trustees of said town of Redkey, by an ordinance duly . adopted by said board, granted the right to said traction company to locate, construct, maintain and operate a single or double track standard gauge street railroad upon and along said Main street and that part thereof which is intersected and crossed by appellant's main and passing tracks; that said ordinance and the provisions thereof were duly accepted in writing by said traction company and its bond duly executed and filed with the clerk of said town, conditioned as in said ordinance provided; that on August 25, 1905, said traction company was engaged in constructing a street and interurban railroad along its said route, and on the morning of that day made its grade and laid its ties and track in and along the center of said Main street at and on both sides of appellant's tracks at said crossings, which tracks as so laid were from a point about four feet distant from the outer rail of said tracks of appellant and extended therefrom about thirty-three feet; that the laying of said pieces of the track was completed and said street replaced in such manner as not to interfere with public traffic on said street at about 11 o'clock a. m. of said day, and the laying and constructing of said two pieces of track by the traction company was simply for the purpose of hindering and delaying and, if possible, preventing appellant from extending said siding and laying said additional track unless appellant put in the necessary crossing at the place where said extended siding and additional track cross said pieces of track of the traction company; that said pieces of track were not attached to or connected with any part of the traction company's railroad theretofore constructed, the traction company at that time having no part of its railroad constructed nearer than five miles to said town of Redkey; that

172     SUPREME COURT OF INDIANA,

Pittsburgh, etc., R. Co. *v.* Muncie, etc., Traction Co.—174 Ind. 167.

for more than two years prior to August 25, 1905, appellant's business had been such as to require additional tracks in and through said town of Redkey, and at said point where its said railroad crosses said Main street in said town, and about thirty days prior to said August 25, 1905, appellant arranged to lay an additional main track and to extend westward a siding, or loading track, then existing, but which was insufficient to answer the purposes for which it was intended, and with the intention of carrying out said plans and constructing said tracks it delivered materials and had a large force of employes at said town of Redkey on or about the noon hour of said August 25, 1905, and then and there began the construction of the extension of its said siding on the east side of its passing track, northward over and across said Main street, and in making said extension appellant's said servants and employes tore up, removed and destroyed said piece of track theretofore laid by said traction company on the east side of appellant's said passing track, and, over the objections and protests of appellees, extended its said siding over and across said street without placing therein any crossing whatever at the points at which said siding would have intersected said pieces of track of said traction company if they had remained as theretofore laid and constructed in said street; that while appellant was engaged in extending its said siding northward over and across said Main street, appellees made an effort to prevent appellant from so doing, but, notwithstanding appellees' said efforts, appellant did extend its said siding and ran a locomotive and several cars upon said track as extended, across said street to prevent appellees from tearing up and removing that part of said track across said street, and to prevent said traction company from relaying its said pieces of track theretofore torn out by appellant; that said siding as so extended has been in constant use by said appellant in the operation of its said railroad, and is necessary to appellant in the future operation of its said railroad; that said traction

company never acquired any right by condemnation proceedings nor from appellant to build its said line of railroad across appellant's said railroad and tracks; that the only right that it has acquired to do so is under an ordinance passed by the board of trustees of said town of Redkey, and such rights as are conferred upon it under the laws of Indiana; that, although appellant has forbidden said appellee to build said interurban railroad across appellant's said railroad at grade where appellant's said railroad crosses said Main street, said appellee threatens to and will proceed to do so, and will build said interurban railroad across appellant's said railroad, unless restrained therefrom; that while said traction company claims the right, as a street or suburban railroad, to construct its railroad track along said Main street in said town of Redkey over and across the right of way, railroad and tracks of appellant, without its consent, against its wishes and without having the damages therefrom first assessed and tendered, it is the purpose and intention of the traction company, after its said line of railroad is constructed, to operate said railroad as a common carrier, carrying freight and passengers, and to engage in the general business of a railroad transporting passengers and freight not only to points on its own line, but also to receive and to transport such passengers and freight from points on other connecting lines to points beyond its said line and upon other lines not only in this State but in other states, it being the intention and purpose in constructing said railroad of appellee to make it a part of a system of railroads extending into and through different states, and to carry commerce, both state and interstate, passengers and freight, which would not otherwise pass over said street; that the traction company intends to place at the point of intersection by its track of appellant's said main track and said passing track what is commonly known to railroad engineers as the "Pennsylvania standard railway crossing;" that said crossing is designed especially for interurban crossings, and is

built of the same weight and style of rails as those used by appellant at said points of intersection, and when placed in position it will afford security for life and property, and will not unnecessarily impair the usefulness of appellant company's railway, nor injure its franchise; that appellant denies the right of said traction company to cross its said main track and passing track in said Main street, and denies the right of said traction company to place crossings at said point of intersection; that appellant threatens to hinder, delay, obstruct and prevent said traction company from constructing its said street and interurban railroad over and across appellant's said main track and passing track, and from placing the crossings at said points of intersection; that the other appellees are either officers, stockholders or employes of the traction company, and were parties to the acts hereinbefore found to have been done by and for said traction company, and they are threatening to build said railroad for the traction company across the right of way, railroad and tracks of appellant at grade, and to tear up that part of appellant's said siding which extends into said Main street, and will do so unless restrained therefrom.

The conclusions of law are, in substance, as follows: (1) That on August 25, 1905, said traction company was duly authorized to use and occupy Main street, in the town of Redkey, by its street and interurban railroad, and was rightfully in the use and possession of said street by its tracks on either side of the points at which said street is intersected and crossed by appellant's main track and passing track, and said traction company is entitled to the relief prayed as to the use of said street. (2) That on said day appellant had no right to dig out and remove the track of said traction company from said Main street. (3) That said traction company is authorized and empowered and is of right entitled to construct its street and interurban railroad over and across the main track and passing track of appellant in Main street, in said town of Redkey, by placing in

position at the points of intersection crossings of such construction and design as will not interfere with the free use of appellant's railroad. (4) That said traction company is of right entitled to cross with its railroad and tracks the extension of appellant's siding as constructed over and across said Main street on said August 25, 1905, without being put to the expense of maintaining said crossing. (5) That, on the account of the wrongful digging out and removing of the track of said traction company in said Main street by appellant, it ought in equity to restore said track so dug out and removed, and ought in equity to place at the points of intersection therein a crossing of such construction and design as will not interfere with the free use of the street and interurban road of said traction company, which is entitled to the relief prayed as to restoring said track and placing a crossing in said siding. (6) That appellant is not entitled to a perpetual injunction, for the want of equity, and appellees ought to recover their costs. (7) That said traction company is entitled to an injunction perpetually enjoining appellant, its officers, agents, servants and employes from in anywise obstructing, molesting or interfering with the right of said traction company to construct and maintain its street and interurban railroad, tracks, poles, wires, lines and appliances for operating its railroad in and along said Main street, and from obstructing, molesting or interfering with its right to place crossings in said street at the points of intersection of appellant's main track and passing track by the traction company's tracks; that said traction company is further entitled to an order directing appellant to restore the traction company's track in said Main street to its former condition, and thereafter to cease in any manner from interfering with or obstructing the proper use thereof; and that the traction company ought to recover its costs.

The controlling question in this case is whether an interurban street railroad, incorporated under said act of 1861,

176    SUPREME COURT OF INDIANA,

Pittsburgh, etc., R. Co. v. Muncie, etc., Traction Co.—174 Ind. 167.

supra, and the amendments thereof and supplementary thereto, carrying passengers, baggage, express, freight and the United States mail, as said finding states said traction company intends to do, on and along the streets of a town or city, with the consent of and subject to the regulation of such town or city, is an additional burden on the land used for such streets, for which the frontager who owns the fee in such street is entitled to recover damages.

Appellant cites cases from other jurisdictions, which hold that such use is an additional burden for which it, as the owner of the fee in said street, has the right to recover damages.

It is not necessary for us to review said cases cited by appellant, for the reason that this court, after a careful consideration of all the authorities, has held otherwise; that such use is not such an additional burden and servitude upon the street as to require an assessment and payment of compensation to the abutting lot owners or other owners of the fee in the street as a condition precedent to the occupancy and use of the street by said interurban company, or for which such owners of the fee in the street are entitled to recover damages. *Kinsey* v. *Union Traction Co.* (1908), 169 Ind. 563, 601-634; *Mordhurst* v. *Fort Wayne, etc., Traction Co.* (1904), 163 Ind. 268, 66 L. R. A. 105, 106 Am. St. 222.

It being the law of this State that said interurban railroad is not an additional burden upon said Main street, it had the right to lay its tracks on and along said street and across the main and passing tracks of appellant, with the consent of the board of trustees of said town, and without the consent and against the will of appellant, because that was a legitimate use of said street under the laws of the State, which appellant might not enjoin. *Chicago, etc., R. Co.* v. *Whiting, etc., St. R. Co.* (1904), 139 Ind. 297, 26 L. R. A. 337, 47 Am. St. 264; *Mordhurst*

v. *Fort Wayne, etc., Traction Co., supra; Kinsey* v. *Union Traction Co., supra.* See, also, *South East, etc., R. Co.* v. *Evansville, etc., R. Co.* (1907), 169 Ind. 339, 13 L. R. A. (N. S.) 916, and cases cited; *De Grauw* v. *Long Island Electric R. Co.* (1899), 43 App. Div. 502, 60 N. Y. Supp. 163; *De Grauw* v. *Long Island Electric R. Co.* (1900), 163 N. Y. 597, 57 N. E. 1108; *New York, etc., R. Co.* v. *Rhodes* (1909), 171 Ind. 521; *Lake Erie, etc., R. Co.* v. *Shelley* (1904), 163 Ind. 36, 42-47, and cases cited; *Chicago, etc., R. Co.* v. *West Chicago St. R. Co.* (1895), 156 Ill. 255, 265-272, 40 N. E. 1008, 29 L. R. A. 485; *Chicago, etc., R. Co.* v. *City of Chicago* (1892), 140 Ill. 309, 29 N. E. 1109; *Chicago, etc., R. Co.* v. *Town of Cicero* (1895), 157 Ill. 48, 41 N. E. 640; *West Jersey R. Co.* v. *Camden, etc., R. Co.* (1893), 52 N. J. Eq. 31, 29 Atl. 423; *Montgomery* v. *Santa Anna, etc., R. Co.* (1894), 104 Cal. 186, 37 Pac. 786, 43 Am. St. 89, 25 L. R. A. 654.

Said use of the street of a city or town with the consent of such city or town, being a legitimate use thereof and not an additional servitude and burden thereon, it is evident that the ordinance granting the traction company the right to construct, maintain and operate its road on and along said Main street, and the acts of the legislature granting such power to the cities and towns in the State, are not in violation of either the 14th amendment to the Constitution of the United States, or of article 1, §21, of the Constitution of this State, as claimed by appellant.

Section 5676 Burns 1908, Acts 1901 p. 461, §2, requires in a case like this that "the company owning the road last constructed at such crossing shall, unless otherwise agreed to between such companies, be at the exclusive expense of constructing said crossing in a manner to be convenient and safe for both companies." The court's conclusions of law and the decree entered required the traction company to pay the expense of constructing said cross-

178    SUPREME COURT OF INDIANA,

Pittsburgh, etc., R. Co. v. Muncie, etc., Traction Co.—174 Ind. 167.

ing where its track crosses appellant's main and passing track, but appellant was to pay the expense of constructing the crossing where its switch track crosses the track of the traction company.

This was in conformity with §5676, *supra,* because the traction company's track was at the point where it crossed the main and passing tracks of appellant, "the road last constructed," and appellant's switch track was at a point where it crosses the traction company's track in Main street, "the road last constructed," because it was constructed after the traction company's track had been constructed at that point. The fact that the traction company constructed its track at that point for the purpose of avoiding the expense of such switch track crossing makes no difference. It had the right to construct its track at said point when it did, and when appellant, in constructing its switch track, found the traction company's track at that point, it should have put in a proper crossing at its own expense, instead of removing the traction company's track.

Appellant insists that under §5227 Burns 1908, Acts 1897 p. 237, §1, it was entitled in this suit to prevent said traction company from crossing its tracks at grade. But

6.  said section has no application to a case like the one before us, where a street or interurban electric railroad crosses the tracks of a steam railroad. *Wabash R. Co. v. Fort Wayne, etc., Traction Co.* (1903), 161 Ind. 295, 310.

It is evident that the court did not err in its conclusions of law. It follows that the court did not err in overruling appellant's demurrer to the traction company's answer to the complaint, nor in overruling appellant's demurrer to the traction company's cross-complaint.

The complaint, the traction company's answer, its cross-complaint, and appellant's answer to the cross-complaint,

7.  were read in evidence under an agreement that "the facts alleged in each of said pleadings were true as therein alleged." Under this agreement only facts

NOVEMBER TERM, 1909.    179

Pittsburgh, etc., R. Co. *v.* Muncie, etc., Traction Co.—174 Ind. 167.

properly pleaded could be considered, and all the conclusions of the pleader and mere apprehensions and fears alleged, and all mere recitals, epithets and surplusage must be disregarded. However, a number of the findings of the court were based solely upon conclusions, apprehensions and fears of the pleader, expressed in the pleadings of appellant, and the recitals, epithets and surplusage alleged in said pleadings, and not upon facts properly pleaded.

If there was a conflict in the facts properly alleged in the pleadings, such facts should be found against the party having the burden of proof as to such facts or issue.

8. Under this rule, we cannot say that the findings of the court, so far as they were against appellant, were not sustained by the evidence, nor that they were contrary to law.

As the decree of the court was in accordance with the conclusions of law, the court did not err in overruling appellant's motion to modify the judgment. *Nelson* v. *Collingham* (1899), 152 Ind. 135, 137; *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 237, 242, and cases cited.

Judgment affirmed.

Jordan and Montgomery, JJ., dissent.

## CONCURRING OPINION.

MYERS, J.—I concur in the conclusion as to the right of appellee traction company to lay the track in question, but base my concurrence upon the proposition that there is no power in cities or towns to subvert the use of streets so as to render them ineffective for the purpose of their creation, and burden them in such manner as to constitute additional servitudes upon them.

Primarily, street railways were designed for local passenger transportation upon streets, to relieve congested conditions, to provide for transportation of the masses, and for rapid transportation for considerable distances, and the

180        SUPREME COURT OF INDIANA,

Pittsburgh, etc., R. Co. v. Muncie, etc., Traction Co.—174 Ind. 167.

engrafting of interurban legislation upon the street railway acts evinces the primary design of these lines of communication to be for passenger travel, but a legislative purpose seems manifest in the more recent enactments upon the subject, to enlarge the primary purpose so as to include both passenger communication between independent cities and towns and freight traffic.

It will not do to attempt a distinction between steam railroads and interurban roads by the term "commercial railroads," for that is a distinction in degree only; one is relatively as much a commercial railroad as the other. We must look for some other distinction than a classification as "commercial," and it is found in the character of the use, and therein lies the distinction, as well as the reason for it, both as to the subjects of transportation over streets of cities and towns, which may be regulated under the police power, the same as in case of ordinary railways owning a right of way, and as to the length of train, and the character and frequency of train movements, which are subject to regulation under the police power; and, irrespective of the character of the grant, if the use becomes obstructive or subversive of the primary, ordinary, reasonable or necessary use of streets as such, it would be unauthorized. *Grand Trunk R. Co.* v. *City of South Bend* (1910), *post*, 203. The use should be restricted to carriage over streets of persons and such property as is ordinarily or usually carried over streets.

The grant must be made in discretion, or curtailed in enjoyment. *Mayor, etc.,* v. *Baltimore Trust, etc., Co.* (1897), 166 U. S. 673, 17 Sup. Ct. 696, 41 L. Ed. 1160; *Dooly Block* v. *Salt Lake, etc., Transit Co.* (1893), 9 Utah 31, 33 Pac. 229, 24 L. R. A. 610; *Watson* v. *Robberson Ave. R. Co.* (1897), 69 Mo. App. 548; *Lockwood* v. *Wabash R. Co.* (1894), 122 Mo. 86, 26 S. W. 698, 24 L. R. A. 516, 43 Am. St. 547; *Delaware, etc., R. Co.* v. *City of Buffalo* (1899), 158 N. Y. 266, 53 N. E. 44.